The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: June 3 2024

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 22-30854 |
| | ) | |
| Kenneth Paul Sharp | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 22-03039 |
| | ) | |
| Kuns Northcoast Security Center LLC | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Kenneth Paul Sharp | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORNDUM OF DECISION AND ORDER**

This adversary proceeding is before the court on Defendant's Second Amended Motion to Dismiss/Motion for Summary Judgment. [Doc. # 19]. Also before the court is Plaintiff's Opposition to Defendant's Motion (Dismissal Request). [Doc. # 24]. Defendant Kenneth Sharp is the Debtor ("Defendant" or Debtor") in the underlying Chapter 7 case. Plaintiff's Complaint seeks to determine dischargeability of a debt arising out of a Sandusky County, Ohio Court of Common Pleas judgment against Debtor.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) as a civil proceeding arising under Title 11. The proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine dischargeability of certain debts are core proceedings that the court may hear and determine. 28 U.S.C. § 157(b)(2)(I). Both parties consent to the entry of final orders and judgments by this court. [Doc. ## 8, 11].

## **PROCEDURAL BACKGROUND**

Kuns Northcoast Security Center LLC ("Plaintiff") filed a civil complaint against Patty Sharp and Debtor Kenneth Sharp in the Sandusky County, Ohio Court of Common Pleas in June 2017. [Doc. # 1. pp. 5-7/10]. Patty Sharp ("Mrs. Sharp") had previously been employed by Plaintiff. The state court complaint alleged that she engaged in criminal activities while employed by Plaintiff and stole funds from Plaintiff outside of her legitimate compensation. [*Id*. at ¶ ¶ 9-10]. Plaintiff obtained a default judgment from the state court in August 2017 against Debtor and his wife, jointly and severally. [*Id*. at p. 8/10].

In 2018, Mrs. Sharp was indicted for and pled guilty to Tampering with Records. [Doc. # 19-3, p. 1/2].

Kenneth Sharp filed his voluntary Chapter 7 petition on June 16, 2022. In his petition, he scheduled an unsecured debt owed to Plaintiff stemming from the default judgment in the amount of $211,871.94. [Case No. 22-30854, Doc. # 1 at p. 26/51].[1] On October 19, 2022, Defendant received his discharge.

On September 27, 2022, Plaintiff timely filed this adversary proceeding against Debtor seeking to determine dischargeability of the debt arising from the state court default judgment. [Doc. # 1] ("Complaint"). A copy of the state court complaint, a copy of the state court judgment and a copy of a state court record showing garnishment payments on the judgment are attached to the Complaint.

The summons scheduled an initial pretrial conference for November 11, 2022. [Doc. # 2]. Prior to the pretrial conference, on October 25, 2022, Defendant filed both his Answer [Doc. # 5] and a document called "Motion to Dismiss" [Doc. # 6]. The Answer attaches Debtor's Affidavit addressing the averments of the Complaint, essentially verifying the Answer.

---

[1] The court takes judicial notice of the contents of its case docket. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (10th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it); *United States v. Brugnara*, 856 F.3d 1198, 1209 (9th Cir. 2017) (stating that district court may properly take judicial notice of its own records).

The Motion to Dismiss did not specify a rule of procedure pursuant to which it was brought. Ordinarily, at the early stages of litigation, one would associate a filing called a Motion to Dismiss as one brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal based on the Complaint as failing to state a claim upon which relief could be granted even if the averments are all taken as true. It might also be construed as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, the standard for which is the same as the standard for a Rule 12(b)(6) motion. *Reilly v. Vadlamudi,* 680 F.3d 617, 622 (6th Cir. 2012). Rule 7012(b) of the Federal Rules of Bankruptcy Procedure governs adversary proceedings, and it incorporates most of Rule 12 of the Federal Rules of Civil Procedure, including Rules 12(b), 12(c) and 12(d).

There are two problems with considering Defendant's Motion to Dismiss as one brought under Rule 12(b)(6). First, Rule 12(b) (but not Rule 12(c)) requires any motion asserting the defense of failure to state a claim upon which relief can be granted to be filed <u>before</u> an answer is filed, because it challenges the sufficiency of the Complaint. The Motion to Dismiss was filed contemporaneously with Defendant's Answer on October 25, 2022. Second, it refers to matters outside the Complaint that are referenced in Defendant's Affidavit verifying his answer. Given the speaking answer and the Affidavit attached, the court considers these matters outside the basic pleadings.

In considering a motion to dismiss under Rule 12(b)(6), the court accepts a plaintiff's factual allegations as true, drawing all reasonable inferences in a plaintiff's favor. The court may only consider the complaint and documents attached as exhibits or incorporated by reference in the complaint, as follows: (1) documents attached to the complaint; (2) undisputed documents alleged or referenced in the complaint; and (3) public records. 2 MOORE'S FEDERAL PRACTICE ¶ 12.34[2] (3d ed.), citing *Luis v. Zang*, 833 F.3d 619, 632 (6th Cir. 2016) (in determining propriety of dismissal under Fed. R. Civ. P. 12(b)(6), neither district court nor court of appeals could consider affidavit submitted in conjunction with defendant's motion because it was extraneous to pleadings and exhibits.). *See In re Griffin*, 391 B.R. 210 n.3 (B.A.P. 6th Cir. 2008) (Table) ("In some instances, the court may consider evidence outside the complaint. However, doing so converts the motion to dismiss to a motion for summary judgment which requires the court to give the parties reasonable opportunity to present all material which may be properly presented with a motion for summary judgment. *See* Fed. R. Civ. P. 12(b), (d)."). The decisional standards are different for a motion to dismiss and a motion for summary judgment.

At the November 3, 2022, initial pretrial conference, the court continued the matter to December 8, 2022. [Doc. # 9]. Less than a month later, on December 6, 2022, Defendant filed an amended motion to dismiss with two attached Exhibits in support. [Doc. # 12]. The attached Exhibits are the state court docket of Mrs. Sharp's criminal case, showing her conviction and only her conviction, and another copy of Debtor's Affidavit previously attached to his Answer.

At the second pretrial conference on December 8, 2022, the court informed the parties that it would construe Defendant's amended motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, which applies in adversary proceedings under Rule 7056 of the Federal Rules of Bankruptcy Procedure. [Doc. # 14, Second Adversary Proceeding Scheduling Order, p. 2/2]. It did so to promote clarity of the standard for decision and in accordance with Rule 12(d) of the Federal Rules of Civil Procedure, and because of the matters presented outside of the pleadings.

At the second pretrial conference, the court also directed that Plaintiff's response to the amended motion be deferred until the Supreme Court decided *Bartenwerfer v. Buckley*, 598 U.S. 69 (2023), in which it had just conducted oral argument. The *Bartenwerfer* case involves issues raised in this case. The Supreme Court's eventual decision must be considered in deciding Defendant's summary judgment motion. [*Id*.] Pending the Supreme Court decision in *Bartenwerfer,* the court set a further pretrial conference for April 20, 2023.

The Supreme Court had decided *Bartenwerfer* by the time the next pretrial conference occurred in April 2023. At the April 2023 pretrial conference, noting that the Supreme Court had issued its decision in *Bartenwerfer* on February 22, 2023, the court granted Defendant leave until May 5, 2023, to file another amended motion if so inclined in light of *Bartenwerfer*. [Doc. # 17]. Pending any filing, the court scheduled a further pretrial conference for May 10, 2023. [*Id.]*.

On May 5, 2023, Defendant filed his Second Amended Motion to Dismiss/Motion for Summary Judgment, adding as Exhibit C an Affidavit of Mrs. Sharp. [Doc. # 19]. At the May 2023 pretrial conference, the court set deadlines for Plaintiff's response to Defendant's Second Amended Motion and any reply. [Doc. # 21]. Plaintiff filed its response opposing the Second Amended Motion, along with an Affidavit of Plaintiff's principal. [Doc. ## 24 and 25]. Defendant did not file a reply brief.

4

## SUMMARY OF THE PARTIES' POSITONS

The Complaint alleges three claims under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).[2] Plaintiff alleges Defendant was aware of and conspired with Mrs. Sharp regarding her criminal activities. It is further alleged the Defendant directly benefited from Mrs. Sharp's criminal activities and was unjustly enriched by them. The prayer for relief requests that a debt of $168,736.03, the balance owed on the state court judgment, along with interest, costs, and reasonable attorney fees, be declared non-dischargeable.

Defendant moves for dismissal of the action for the following reasons: (1) Defendant was not properly or personally served with the state court complaint and did not know a judgment had been rendered against him until he was noticed for a debtor's examination; (2) Plaintiff has not alleged under state law an agency relationship between Defendant and his wife of a type that would make him liable for her fraud and theft, with the circumstances here thus differing from those in *Bartenwerfer;* and (3) Plaintiff has not demonstrated fraud by Defendant, who states he was unaware of Mrs. Sharp's bad acts.

Plaintiff opposes Defendant's Motion as it argues the decision in *Bartenwerfer v. Buckley*, and its application to 11 U.S.C. § 523(a)(2)(A), controls in this case because it focuses on the type of debt and not the identity of the perpetrator of the actual fraud. Plaintiff requests the court deny Defendant's request for dismissal and argues that it should "explore the full details of the fraudulent activities at trial" in making a determination on dischargeability of the debt.

## LAW AND ANALYSIS: SUMMARY JUDGMENT STANDARD

The requirements for summary judgment are set forth in Fed. R. Civ. P. 56(a):

(a) **Motion for Summary Judgment or Partial Summary Judgment**. A party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

---

[2] Paragraph 17, which is the last paragraph of Count I of the Complaint, states "That pursuant to 11 USC 523(a)(2)(B) That pursuant to 11 USC 523(a)(2)(A) [sic] the debts owing to Plaintiff are properly determined to be not discharged." [Doc. # 1, p. 3/10]. The court assumes that the reference to "11 USC Section 523(a)(2)(B)" is a typographical error. Section 523(a)(2)(B) is based on use of a statement in writing "respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(B). There are no averments of fact in the Complaint that Debtor or Mrs. Sharp gave Plaintiff a statement about his, her or their finances, false or otherwise, upon which Plaintiff then relied and which was the proximate cause of the theft and its loss. Absent amendment of the Complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure, applicable to this adversary proceeding pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure, and acknowledging that the purpose of the Complaint is to plead facts, henceforth the court will not consider the Complaint as setting forth a claim under § 523(a)(2)(B).

5

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). With respect to issues on which the nonmoving party bears the burden of proof, the burden on the moving party may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Id.* Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986); *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014).

General averments or conclusory allegations of an affidavit do not create specific factual disputes relative to summary judgment. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990). A party opposing summary judgment must affirmatively present competent evidence which sufficiently establishes a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id*. at 252. A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013) (citation omitted).

Defendant's motion for summary judgment is supported by the following documents: (1) Defendant's Affidavit verifying the Answer [Doc. # 5, pp. 3-4/4 (Exhibit A to Answer), # 12, pp. 6-7/7 (Exhibit B to the amended motion to dismiss), and # 19, pp. 6-7/9 (Exhibit B to Second Amended Motion)]; (2) the State Court docket in Mrs. Sharp's criminal case, [Doc. # 12, pp. 3-5/7 (Exhibit A to the amended motion to dismiss) and # 19, pp. 3-5/9 (Exhibit A to Second Amended Motion)]; and (3) Mrs. Sharp's Affidavit [Doc. # 19, pp. 8-9/9 (Exhibit C to Second Amended Motion)].

Plaintiff's opposition to Defendant's motion for summary judgment is supported by the following documents: (1) the State Court Complaint, attached as an exhibit to Plaintiff's Complaint in this action [Doc. # 1, pp. 5-7/10 (exhibit to Plaintiff's Complaint)]; (2) the State Court default judgment [Doc. # 1, p. 8/10 (exhibit to Plaintiff's Complaint), and # 25]; and (3) the Affidavit of Roger Kuns [Doc. # 24, pp. 10-12/12].

6

Of significance, neither party has raised any evidentiary issues with the other party's affidavits or other supporting documents.

### LAW AND ANALYSIS: GENERAL STANDARD FOR EXCEPTIONS TO DISCHARGE

A discharge under Chapter 7 of the Bankruptcy Code is subject to the exception of certain types of debts listed under 11 U.S.C. § 523(a). *Stamper v. United States (In re Gardner)*, 360 F.3d 551, 557 (6th Cir. 2004). Plaintiff's non-dischargeability Complaint raises three of those exceptions. First, the Complaint asserts that funds obtained from Plaintiff via false statements and fraud by Debtor's wife are debts to be excepted from his discharge under §§ 523(a)(2)(A). Second, the Complaint avers that Defendant had knowledge of and benefited from the funds his wife obtained from Plaintiff, which excepts this debt from discharge under § 523(a)(4). Third, the Complaint asserts the conduct of Mrs. Sharp and Defendant and resulting debt should not be excepted from discharge under § 523(a)(6) as it constitutes willful and malicious conduct.

The statutory exceptions are intended to implement the fundamental bankruptcy policy of affording a "fresh start" only to "the honest but unfortunate debtor." *Id*. (citing *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991)). In order to implement the fresh start policy, the exceptions to discharge for debts listed in § 523(a) are to be construed narrowly. *Rembert v. AT&T Universal Card Svcs., Inc. (In re ∗Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998). Plaintiff, as the entity seeking exception of a debt from Defendant's Chapter 7 discharge, has the burden of proof under §§ 523(a)(2)(A), (a)(4), and (a)(6) by a preponderance of the evidence. *Grogan*, 498 U.S. at 291.

In the procedural context of summary judgment, as the party without the burden of proof, Defendant's burden is to negate Plaintiff's claims by pointing out to the court the absence of evidence to support them. In response, Plaintiff must set forth specific facts showing a genuine issue of material fact for trial on the specified claim or claims. The party moving for summary judgment must also be entitled to judgment as a matter of law. The court now turns to examine each count alleged in the Complaint and whether the movant and non-movant have met their respective burdens on summary judgment.

### LAW AND ANALYSIS: ELEMENTS OF PLAINTIFF'S CAUSES Of ACTION

**A. Count I: 11 U.S.C. §§ 523(a)(2)(A)**

Count I of Plaintiff's Complaint states in pertinent part:

> 15. That the funds obtained from Plaintiff were obtained using false statements in writing.
> 16. That Plaintiff reasonably relied upon the false financial information and accounting provided by the Debtor's wife.

17. That pursuant to 11 USC Section 523(a)(2)(B) [sic] That pursuant to 11 U.S.C. Section 523(a)(2)(A) the debts owing to Plaintiff are properly determined to be not discharged.

[Doc. # 1, p. 3/10].

As noted by the United States Supreme Court, "[t]he Bankruptcy Code prohibits debtors from discharging debts for money, property, services, or credit obtained by 'false pretenses, a false representation, or actual fraud,' 11 U.S.C. § 523(a)(2)(A), or, if made in writing, by a materially false 'statement . . . respecting the debtor's . . . financial condition,' § 523(a)(2)(B)." *Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709, 712 (2018).

Under § 523(a)(2)(A), a debt is excepted from discharge to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

In order to except a debt from discharge under § 523(a)(2)(A) based upon a misrepresentation, which is what is alleged in Count I of the complaint, a plaintiff must establish the following elements: (1) the debtor obtained money or services through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of the loss. *Kraus Anderson Cap., Inc. v. Bradley (In re Bradley)*, 507 B.R. 192, 205 (6th Cir. 2014) (citing *Rembert,* 141 F.3d at 280-81).

Additionally, the term "actual fraud" in § 523(a)(2)(A) can more broadly encompass schemes and forms of fraud accomplished without a false representation. *Husky Intern. Electronics, Inc. v. Ritz*, 578 U.S. 355 (2016). The Supreme Court defined fraud as "anything that counts as 'fraud' and is done with wrongful intent." *Id.* at 360. In *Husky,* reversing the lower court decisions, the Supreme Court held that a fraudulent transfer scheme effectuated without any false representation to a creditor was within the § 523(a)(2)(A) exception to discharge.

### B. Count II-11 U.S.C. § 523(a)(4)

Count II of the Complaint contends in pertinent part:

> 19. That the Debtor, Kenneth Sharp, had knowledge of and benefited from the funds that his wife maliciously breached her obligation to the plaintiff constituting embezzlement or larceny.
> 20. That the conduct of the Debtor renders the obligations nondischargeable pursuant to 11 U.S.C. Section 523(a)(4).

[Doc. # 1, p. 3/10].

Section 523(a)(4) exempts a debt from discharge "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The Sixth Circuit defines embezzlement as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172-73 (6th Cir. 1996). In contrast, "[l]arceny differs from embezzlement in that the original taking or possession of the property is unlawful and without the consent of the owner." *Custom Kilns, Inc. v. Pierron (In re Pierron)*, 448 B.R. 228, 240 (Bankr. S.D. Ohio 2011). Embezzlement and larceny both require an element of fraudulent intent. *Long v. Piercy (In re Piercy)*, 21 F.4th 909, 919 (6th Cir. 2021) (citations omitted).[3]

### C. Count III-11 U.S.C. § 523(a)(6)

The third claim in the Complaint contends the following:

> 22. That the conduct of the Debtor's wife and debtor constitute willful and malicious injury to the Plaintiff and their property.
> 23. That pursuant to 11 U.S.C. Section 523(A)(6) the obligations are property determined to be not discharged.

[Doc. # 1, p. 3/10].

Section 523(a)(6) excepts a debt "for willful and malicious injury" by the debtor to another entity or to the property of another entity from a Chapter 7 discharge. 11 U.S.C. § 523(a)(6). To prevail under § 523(a)(6) plaintiff must prove by a preponderance of the evidence that the injury from which the alleged debt arises was both willful and malicious. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999); *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 801-02 (Bankr. N.D. Ohio 2001). The "willful and malicious standard is a stringent one…." *Steier v. Best (In re Best)*, 109 Fed. Appx. 1, 4 (6th Cir. 2004). The terms "willful" and "malicious" are distinct and both requirements must be met to prevail under § 523(a)(6*). South Atlanta Neurology and Pain Clinic, P.C. v. Lupo (In re Lupo)*, 353 B.R. 534, 550 (Bankr. N.D. Ohio 2006).

Addressing the willful requirement of § 523(a)(6), the Supreme Court decided that "the (a)(6) formulation triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts" and held that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that

---

[3] To establish defalcation, not alleged in the Complaint herein, § 523(a)(4) requires acting in a fiduciary capacity, but unlike embezzlement or larceny, "requires only a showing of gross recklessness" as opposed to fraudulent intent. *Id*. (citing *Bullock v. BankChampaign, N.A.*, 569 267, 269 (2013).

9

leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). A willful injury occurs when "(i) the actor desired to cause the consequences of the act or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act." *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004) (citing *Markowitz*, 190 F.3d at 464).

Under § 523(a)(6), "'malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Id.* (citing *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)). "Stated differently, "[t]here must also be a consciousness of wrongdoing. . . It is this knowledge of wrongdoing, not the wrongfulness of the debtor's actions, that is the key to malicious under § 523(a)(6)." *Kraus Anderson Capital, Inc. v. Bradley (In re Bradley)*, 507 B.R. 192, 204 (B.A.P. 6th Cir. 2014) (quoting *ABF, Inc. v. Russell (In re Russell)*, 262 B.R. 449, 455 (Bankr. N.D. Ind. 2001)).

Debts arising out of deliberate vandalism and other torts have been deemed to satisfy § 523(a)(6)'s willful and malicious injury standard. *McCurdie v. Strozewski (In re Strozewski)*, 458 B.R. 397, 403 (Bankr. W.D. Mich. 2011) (citing *Stier v. Best (In re Best)*, 109 Fed. Appx. at 5, citations omitted); *National Sign & Signal v. Livingston*, 422 B.R. 645, 658 (W.D. Mich. 2009). The language of the statute also requires "injury by the debtor." § 523(a)(6). There is consensus that the injury must be by the debtor and that, absent certain circumstances, the conduct of others cannot be imputed to the debtor for purposes of § 523(a)(6). *See Greer v. Bruce (In re Bruce)*, 593 B.R. 765, 777 (Bankr. S.D. Ohio 2018): *Huffman v. Holden (In re Hughley)*, 2019 WL 2402852 *5 (Bankr. N.D. Ohio 2019).

## DISCUSSION

Plaintiff argues that Debtor's debt may be excepted under § 523(a)(2), (a)(4) and (a)(6) based on either his own misconduct or vicariously based on Mrs. Sharp's misconduct, a la *Bartenwerfer,* even if the court finds that he did not commit bad acts with the requisite intent, or both.

Defendant's arguments do not focus on or argue shortcomings on the specific elements of each cause of action in the Complaint. Rather, his three arguments on summary judgment broadly attack three aspects of the proceedings.

First, Plaintiff's Complaint both as to liability and amount of damages relies on the state court default judgment with respect to all three causes of action. Defendant's arguments and evidence that he was not served with the state court complaint attack Plaintiff's reliance on the state court judgment.

Second, Defendant's argument and evidence that he had no knowledge of and did not participate in Mrs. Sharp's bad acts attack Plaintiff's three cause of action based on Defendant's own alleged misconduct.

10

Third, Defendant's argument that Plaintiff has not alleged facts showing a relationship between he and Mrs. Sharp of a type under state law that would make him vicariously liable for her bad acts even if he is innocent of his own misconduct attacks vicarious liability a la' *Bartenwerfer* across all three causes of action.

The court will address these arguments in order.

### A. Is Defendant Bound by the State Court Judgment?

The State Court Judgment finds Defendant and Mrs. Sharp jointly and severally liable for damages to Plaintiff. It awards punitive damages "because of defendants' egregious intentional misconduct" and finds that punitive damages "are necessary to punish defendants and deter others." The punctuation in the document is important, using plural possessive with respect to "egregious intentional misconduct." That means that Defendant himself committed some misconduct that resulted in the state court judgment against him, not that he is an innocent actor being held liable only for Mrs. Sharp's bad acts. Plaintiff's opposition to Defendant's motion for summary judgment, like its Complaint, is based on the state court judgment. Without either party saying so, in advancing the state court judgment Plaintiff is relying on the preclusion principle of collateral estoppel to bind this court to any state court factual findings, including the fact and amount of a debt to Plaintiff. And that is where Defendant's similarly attenuated argument that he was not served properly with or aware of the state court complaint that resulted in the default judgment comes into play on summary judgment.

Issue preclusion principles apply to dischargeability proceedings in bankruptcy cases. *See Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991) ("[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). Under 28 U.S.C. § 1738, the federal full faith and credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. *Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 703 (6th Cir. 1999). In determining whether a prior state court judgment should be given preclusive effect in a federal action, the federal court must apply the law of the state in which the prior judgment was rendered. *Id.* In this case, the court must apply Ohio issue preclusion principles.

Under Ohio law, there are four requirements for application of issue preclusion: (1) a final judgment on the merits after a full and fair opportunity to litigate the issue; (2) the issue was actually and directly litigated in the prior action and must have been necessary to the final judgment; (3) the issue in the present suit must have been identical to the issue in the prior suit; and (4) the party against whom estoppel is sought was a party or in privity with the party to the prior action. *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002); *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

The person asserting issue preclusion carries the burden of proving its requirements by a preponderance of the evidence. *A Packaging Service Co. v. Siml (In re Siml),* 261 B.R. 419, 422 (Bankr. N.D. Ohio 2001). Thus, in this adversary proceeding, Plaintiff has the burden of proving issue preclusion to the extent it is relying on the state court judgment, as it clearly is with respect to both liability and damages.

Defendant, however, states in his affidavit that "I was never personally served of the Civil Complaint in this case. I found out later that my wife accepted service on my behalf and hid it from me." [Doc. # 5, Exh. A, p. 3 of 4]. Similarly, Mrs. Sharp's Affidavit states that "I received service of the civil suit in Fremont Municipal court filed against my husband, Kenneth Paul Sharp, on his behalf and hid the paperwork from him." [Doc. # 19, p. 9/9, ¶ 17]. A judgment based on a summons and complaint that were not properly served on a defendant is void under Ohio law. *E.g., G.K.G. Builders, Inc. v. Burgess,* 13 N.E.2d745 (Ohio Ct. App. 6th Dist. 2014); *Kassouf v. Barylak*, 207 N.E.2d 974, 979-80 (Ohio Ct. App. 8th Dist. 2023) ("As the Ohio Supreme Court has recognized…a judgment rendered without proper service or entry of appearance is a nullity and void."; citations omitted). The averments about service of the state court complaint and summons raise the prospects that the state court judgment is void as to Defendant, and that Defendant was not afforded a full and fair opportunity to litigate the issues upon which Plaintiff seeks application of collateral estoppel in this action. Defendant in this argument is seeking from this court partial summary judgment in his favor finding that state court judgment cannot be used for purposes of issue preclusion in this proceeding.

Plaintiff has not presented any facts contradicting Defendant's facts around service of the state court complaint on him so as to create a genuine issue of material fact. Nevertheless, the court cannot find based only on Defendant's facts that he is entitled to a finding as a matter of law that the state court judgment is void and not entitled to full faith and credit and issue preclusive effect in this adversary proceeding. Defendant's and Mrs. Sharp's statement that she accepted service on his behalf might afford proper service on Mr. Sharp, depending on other circumstances not set forth on the record, such as place and manner of service. *See* 76 Ohio Jur.3d Process §§ 40, 44. The court cannot find the state court judgment void as a matter of law based only on the existing record of facts about service in the Sharps' Affidavits. The record will have to be developed further on that and other aspects of the state court judgment.[4]

---

[4] Beyond whether the state court judgment is void for lack of service, and therefore not entitled to preclusive effect in this action, to the extent Plaintiff seeks to assert principles of issue prelusion to meet its burden of proof of Defendant's bad acts on its three claims, there are substantial arguments and likely a factual record to be made (*e.g.* state court docket, what the evidentiary proceedings and testimony in the state court consisted of) around virtually all of the elements of issue preclusion under Ohio law except for number 4 as to identity of parties between the two actions. If the state court judgment is not accorded

### B. Has Plaintiff Shown a Basis to Hold Defendant Vicariously Liable Under §§ 523(a)(2)(A), (a)(4) or (a)(6) for Mrs. Sharp's Bad Acts?

The Supreme Court in *Bartenwerfer* addressed applicability of § 523(a)(2)(A) to a debtor who was liable on a state court judgment in favor of the plaintiff but who did not herself commit fraud. Debtor and her then boyfriend, later husband, jointly purchased a house and decided to remodel it, then sell it at a profit. The husband took charge of the project, hiring contractors, monitoring their work, and signing checks. With respect to that enterprise the debtor and her husband were found to have "formed a legal partnership to execute the renovation and resale project." *Bartenwerfer,* 598 U.S. at 73.

At the sale, both debtor and her husband "attested that they had disclosed all material facts relating to the property." *Id*. at 72. The buyer discovered defects the sellers failed to divulge and sued them in state court. Debtor and her husband were held jointly responsible by a jury for breach of contract, negligence, and nondisclosure of material facts resulting in a money judgment for damages exceeding $200,000. After they both filed for Chapter 7 relief, the buyer filed an adversary complaint based upon the state court judgment, arguing it fell within the § 523(a)(2)(A) exception to discharge. The bankruptcy court, after trial, found the husband had knowingly concealed defects from the purchaser and imputed his fraudulent intent to the wife. Following an appeal, a remand, and subsequent appeals, the Ninth Circuit found the wife's liability on the debt remained non-dischargeable despite her own lack of culpability for concealing facts from plaintiff.

The Supreme Court took up the issue "to resolve confusion in the lower courts on the meaning of § 523(a)(2)(A)." *Id*. at 74 (footnote omitted). First, the court found the statute did allow attachment of liability to a debtor who did not personally commit fraud. Second, liability for bad acts could attach to the faultless debtor where there was a special relationship under state law, such as a partnership or agency relationship, that would otherwise impart liability to innocent actors for the conduct of another. Because the debtor wife in *Bartenwerfer* was a business partner of the bad actor boyfriend/husband, the Supreme Court found that special relationship imparted liability under California law for the fraud to the "innocent" partner debtor/wife.

---

preclusive effect as failing on any element and whether it sufficiently sets forth findings of fact and conclusions of law to afford preclusive effect in this action, Plaintiff will have to prove its case of Defendant's misconduct within the scope of §§ 523(a)(2)(A), (a)(4) and (a)(6) by other means. The parties have not yet developed the arguments and facts around the preclusive effect of the state court judgment.

13

Of significance in *Bartenwerfer* was the court's characterization of the debtors' relationship, "[o]rdinarily, a faultless individual is responsible for another's debt only when the two have a special relationship, and even then, defenses to liability are available." *Id*. at 676. The Court also noted:

> § 523(a)(2)(A) does not define the scope of one person's liability for another's fraud. That is the function of the underlying law—here, the law of California. Section 523(a)(2)(A) takes the debt as it finds it, so if California did not extend liability to honest partners, § 523(a)(2)(A) would have no role to play.

*Id*. at 82. Assuming the debtor is an innocent actor, the *Bartenwerfer* analysis sets up a two-part inquiry. First, is another person liable to the plaintiff for a debt that falls within the scope of the discharge exception of § 523(a)(2)(A). Second, is the nature of the relationship between the debtor and that other person of a type that nevertheless makes the "innocent debtor" liable for that debt under state law. In this case, applicable state law is Ohio law. Those same principles apply here.

Defendant was not charged with any criminal offenses in connection with Mrs. Sharp's actions. Only she was charged and convicted. Defendant contends Plaintiff failed to allege and show an agency or other special relationship between Defendant and Mrs. Sharp that would bring this case within the *Bartenwerfer* holding. The court agrees. Plaintiff's Affidavit states that "I had nothing to do with the crime that my wife was convicted of" and denies that he had knowledge of or benefitted from her actions. [Doc. # 5, p. 3 of 4].]. Mrs. Sharp's Affidavit sets forth similar facts. [Doc. # 19, p. 8/9]. The conflicting averments of fact in Mr. Kuns' Affidavit regarding Defendant's knowledge of Mrs. Sharp's actions and his benefit therefrom would, with proof by Plaintiff of the requisite intent, would make him directly liable as a "bad actor" in his own right for aiding and abetting her scheme or for conspiring with her based on his own misconduct, not vicariously liable to Plaintiff based only on Mrs. Sharp's bad acts. The Kuns Affidavit show no facts that would make Defendant and Mrs. Sharp partners or agents of one another under Ohio law to bring this case within the rationale of *Bartenwerfer* with respect to Plaintiff's claim under § 5223(a)(2)(A).

Another issue with respect to Defendant's potential vicarious liability for Mrs. Sharp's bad acts is whether the principles of *Bartenwerfer* extend to Plaintiff's claims under §§ 523(a)(4) and (a)(6).

The statute at issue in *Bartenwerfer* is only § 523(a)(2)(A), which, as the Supreme Court points out, uses passive voice and does not identify the debtor as the requisite perpetrator of the fraud: "[w]ritten in the passive voice, § 523(a)(2)(A) turns on how the money was obtained, not who committed fraud to obtain it." *Bartenwerfer,* 598 U.S. at 72. But what about Plaintiff's claims under § 523(a)(4) and (6)?

Like § 523(a)(2)(A), the language of § 523(a)(4) is agnostic about who the bad actor is. It simply excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Other courts since *Bartenwerfer* have decided that its rationale applies equally to nondischargeability claims brought under § 523(a)(4). *E.g.*, *In re DeSouza,* Case No.22-40141, 2024 WL 1739536, *8 (Bankr. E.D. Tex., April 23, 2024); *Ind. Devel. Auth of the town of Front Royal v. Poe (In re Poe),* Case No. 21-10048-KHKH, AP No. 21-01032-KHK, 2023 WL 4359972, *5 (Bankr. E.D. Va. July 5, 2023) ("Thus, following the Supreme Court's analysis of the statutory construction of 523(a)(2)(A) lead this court to conclude that the fraud exception under 523(a)(4) is not limited to debts obtained by a debtor's conduct."). The court agrees with and is persuaded by the reasoning of cases such as *DeSouza* and *Poe*. The discharge exception under § 523(a)(4) may apply to Defendant under the rationale of *Bartenwerfer,* even if he is innocent of any bad acts with respect to Plaintiff, if there was an agency or partnership relationship that would make him vicariously liable under Ohio law for Mrs. Sharp's misconduct.

But just as with as with Plaintiff's claim under § 523(a)(2)(A), the court agrees that Defendant has met his burden on summary judgment of showing the absence of facts that make him an agent or partner of Mrs. Sharp's in her embezzlement or larceny of funds from Plaintiff. The facts stated in the Kuns affidavit go to Defendant's own bad acts in an alleged conspiracy with or aiding abetting Mrs. Sharp. Plaintiff has not met its burden on summary judgment of showing facts creating a genuine issue of material fact around Defendant's status as an agent or partner of Mrs. Sharp for purposes of its claim under § 523(a)(4).

For purposes of application of *Bartenwerfer*, the language of § 523(a)(6) is different than the language of §§ 523(a)(2)(A) and (a)(4). Where Congress used the passive voice and did not identify a bad actor in §§ 523(a)(2)(A) and (a)(4), it used active voice and identified the debtor as the bad actor in § 523(a)(6). The language of § 523(a)(6) undercuts application of the vicarious liability principles of *Bartenwerfer* to claims seeking an exception to discharge for willful and malicious injury to a plaintiff. *In re Poe,* 2023 WL 4359972 at *5. For that reason, Defendant is entitled to partial summary judgment as a matter of law on Plaintiff's claim under § 523(a)(6) to the extent it is based on his vicarious liability for willful and malicious injury committed by Mrs. Sharp.

C. **Is Defendant Entitled to Summary Judgment on Plaintiff's Claims Based on His Own Alleged Misconduct?**

Plaintiff has two avenues of proof of Defendant's direct liability to it. First, the state court judgment refers to "defendants' egregious intentional misconduct," in the plural possessive, and awards punitive damages as "necessary to punish defendants," in the plural. For the reasons explained, the court cannot determine on the existing record whether the state court judgment according liability to Defendant is void for lack of proper service of the Complaint on Defendant. Even if it is not void, the parties have not developed the arguments around application of the principles of issue preclusion to the state court judgment.

Second, regardless of the state court judgment, Plaintiff can independently prove bad acts by Defendant within the scope of §§ 523(a)(2)(A), (a)(4) and (a)(6) making him liable to Plaintiff for his own misconduct. Toward that end the Complaint avers as Defendant's own misconduct the following:

> 8. Upon information and belief, Debtor Kenneth Sharp was aware of and conspired with Patty Sharp regarding these criminal activities while she was employed by Plaintiff.
> 9. Debtor Kenneth Sharp benefitted from the checks in which his wife Patty Sharp forged the plaintiff's owner's name on checks made payable to herself…
> ***.
> 11. Defendant Kenneth Sharp was aware of his wife's criminal activities and directly benefitted from them and was unjustly enriched.

[Doc. # 1]. In response for purposes of summary judgment, Defendant's Affidavit and Patty Sharp's Affidavit both set forth facts under oath about his lack of knowledge and participation in her criminal activities, the lack of any criminal charges brought against him and that "I did not see any extra money coming into the household at all." [Doc. # 5, Exh. A, Defendant's Affidavit, ¶¶ 6,7,8,9,10,11, 12,15, 19, 22, 23; Doc. # 19, Exh. B, Mrs. Sharp's Affidavit, ¶¶ 4, 8, 9,10, 11, 12,13,14,15,16,19]. The court finds that these facts are sufficient as a matter of law to absolve Defendant of any direct liability to Plaintiff for conduct that amounts to false pretenses, a false representation, or actual fraud within the meaning of § 523(a)(2)(A), larceny or embezzlement under § 523(a)(4) or willful and malicious injury to Plaintiff under § 523(a)(6). They show that he did not have any access or means to defraud or injure Plaintiff, via actual fraud or fraud through misrepresentation based on falsifying documents or theft. They also show he neither conspired with Mrs. Sharp nor aided and abetted Mrs. Sharp in her scheme against her former employer.

Given the facts set forth in the Affidavits by Defendant, it is incumbent on Plaintiff to set forth facts apart from the averments of its Complaint for purposes of summary judgment that create a genuine issue of material fact. To do so, Plaintiff presents the Affidavit of its owner and operator, Roger Kuns,

16

raising genuine issues of material fact regarding Defendant's knowledge as well as the conduct of Mrs. Sharp.[5] [Doc. # 24, pp. 10-12]. The paragraphs that speak to Defendant's conduct are 11, 12 and 13. The court finds that these paragraphs establish genuine issues of material fact, barely, as to intent, whether Defendant was or at least should have been aware of extra funds coming into the household, whether he benefitted from Mrs. Sharp's bad acts, whether he conspired with Mrs. Sharp to steal money from her employer or that he intentionally aided and abetted her theft such as to make him directly liable to Plaintiff for his own alleged bad acts.

## CONCLUSION

For the reasons stated above, the court finds Defendant's Second Amended Motion to Dismiss/Motion for Summary Judgment [Doc. # 19] is **GRANTED** in part as follows:

1. Partial Summary Judgment is hereby entered in Defendant's favor on Plaintiff's claims brought under §§ 523(a)(2), (a)(4) and (a)(6) based on his vicarious liability for the acts of Patty Sharp.

Defendant's Second Amended Motion to Dismiss/Motion for Summary Judgment [Doc. # 19] is otherwise **DENIED,** with the following disputed matters remaining to be determined:

1. Efficacy of service of the State Court complaint on Defendant.
2. Application of issue preclusion to the State Court judgment and the extent to which this court is bound thereby.
3. Defendant's liability for his own alleged misconduct in aiding and abetting or conspiring with Patty Sharp under the elements of each of §§ 523(a)(2), (a)(4) and (a)(6).

A further pretrial scheduling conference will be set by separate order of the court.

**IT IS SO ORDERED.**

---

[5] Plaintiff references and cites to portions of Mrs. Sharp's deposition for purposes of establishing her culpability as to the underlying debt [Doc. # 24 at p. 5/9] but the referenced deposition was not filed with the court.

17

22-03039-maw    Doc 26    FILED 06/03/24    ENTERED 06/03/24 16:19:05    Page 17 of 17